UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DAVID GOULD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV 218-046 |
| | )   (Underlying CR216-014) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**GOVERNMENT'S OPPOSITION TO GOULD'S
AMENDMENT TO 28 U.S.C. § 2255 MOTION**

The United States of America, by and through Bobby L. Christine, the United States Attorney for the Southern District of Georgia, hereby responds in opposition to David Gould's Amendment to 28 U.S.C. § 2255 motion. (Doc. 7.) That motion is untimely and does not relate back to his initial claims.

**Background**

On April 24, 2018, Gould executed and mailed his 28 U.S.C. § 2255 motion raising three claims of ineffective assistance of counsel. (Doc. 1-Pg. 15.) Specifically, that his attorney coerced him into an involuntary plea by failing to challenge the government's improper threats of a mandatory life sentence (id. at 4-5), that his attorney failed to challenge "relevant conduct" considered at his sentencing (id. at 6-7), and that his attorney failed to raise a Second Amendment challenge to his statutes of conviction (id. at 7).

The Government responded in opposition on June 1, 2018 (Doc. 3), and Gould filed a reply on June 18 (Doc. 5).

Now, Gould, without gaining permission from the Court as required under Fed. R. Civ. P. 15(a)(2), seeks to amend his motion, raising three new claims of ineffective assistance of counsel: that his counsel provided "faulty and erroneous" legal advice as to (1) his guideline range, (2) the counts of conviction that would have sentences that run concurrent and consecutive to one another, and (3) the fact that he could appeal and collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255. (Docs. 7, 7-1.)

## Discussion

This Court should deny Gould's amendment to his motion because the new claims he attempts to assert are untimely. Under the Anti-Terrorism Effective Death Penalty Act ("AEDPA"), a § 2255 motion generally must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Gould's conviction became final on February 14, 2017, upon the expiration of the 14-day appeal period in which he could timely file a notice of appeal. See Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011). His § 2255 motion was due within a year from that date, on or about February 14, 2018. He filed his initial motion on April 24, 2018, over two months late. He filed this amendment on October 23, 2018, over eight months late. "A filing deadline cannot be complied with, substantially or otherwise, by filing late – even by one day." United States v. Locke, 471 U.S. 84, 101 (1985); see also Adams v. United States, 173 F.3d 1339, 1342 (11th Cir. 1999) (affirming denial of § 2255 motion filed two days late). Because Gould's initial motion was untimely, so too is his amendment.

Even if Gould's initial filing were deemed timely, however, this new amendment could only be considered timely if the issues raised in it directly relate back under Fed. R. Civ. P. 15(c) to that original § 2255 petition. See Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003). Rule 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). See Mayle v. Felix, 545 U.S. 644, 657 (2005). The "key factor" in determining whether a new claim relates back is "whether the amended claim[] arise[s] from the same underlying facts as the original claims." Pruitt v. United States, 274 F.3d 1315, 1319 (11th Cir. 2001). "The untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000). And see Mayle, 545 U.S. at 657.

Gould's new claims do not arise out of the same set of facts as his earlier claims. His original claims revolved around his trial counsel's failure to challenge the government for purportedly making threats of a mandatory life sentence when extending a plea offer, failing to challenge relevant conduct at sentencing, and failing to make a Second-Amendment argument. The new claims revolve around wholly different claims pertaining to pre-plea discussions about Gould's guideline range, how his sentence might be imposed for multiple counts of conviction, and what type of post-conviction challenge he could pursue. Gould has not shown, nor can he, that his

3

new claims arose out of the same set of facts as his earlier claims so as to relate back under Rule 15.

Before considering the merits of Gould's amendment to his motion, this Court should first determine if it has jurisdiction.  See United States v. Cartwright, 413 F.3d 1295, 1299 (11th Cir. 2005) (stating that "[w]e must resolve jurisdictional issues before we address the merits of the underlying claims").  Because Gould's current motion is untimely and the claims do not relate back, this Court should find that it lacks jurisdiction to consider the claims, see United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999), and deny the motion outright.[1]

## Conclusion

For the foregoing reasons, the government respectfully requests that the Court deny Gould's amendment to his 28 U.S.C. § 2255 motion.

This 26th day of October, 2018.

                                                          Respectfully submitted,

                                                          BOBBY L. CHRISTINE
                                                          UNITED STATES ATTORNEY

                          BY:   *s/ Nancy C. Greenwood*

                                                          Nancy C. Greenwood
                                                          Assistant United States Attorney
                                                          Georgia Bar No. 309179
                                                          P.O. Box 2017
                                                          Augusta, GA  30903
                                                          (706) 724-0517

---

[1] If the Court determines that it has jurisdiction over Gould's current motion, Rule 15 provides that the Court may then order a response.  See Fed. R. Civ. P. 15(a)(3); Fed. R. Civ. P. 15(d).

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court. Additionally, a copy has been mailed to:

David Gould, Reg. No. 21427-021
FCI Jesup
2680 301 South
Jesup, GA  31599

October 26, 2018.

        Respectfully submitted,

        BOBBY L. CHRISTINE
        UNITED STATES ATTORNEY

BY:   *s/ Nancy C. Greenwood*

        Nancy C. Greenwood
        Assistant United States Attorney
        Georgia Bar No. 309179
        P.O. Box 2017
        Augusta, GA  30903
        (706) 724-0517