# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | | |
|---|---|---|
| DAVID GOULD | ) | |
| | ) | |
| v. | ) | CV 2:18-046 |
| | ) | CR 2:16-014 |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

## GOVERNMENT'S BRIEF IN SUPPORT OF ARGUMENTS MADE AT EVIDENTIARY HEARING

At the evidentiary hearing held on September 30, 2019, movant David Gould attempted to produce evidence establishing that he did not receive this Court's January 14, 2019 order within 21 days of entry, as outlined under Federal Rule of Appellate Procedure 4(a)(6)(A). In its July 8, 2019, order directing the parties to respond, the Court took notice that "the Clerk of the Court mailed a copy of this judgment" to Gould on January 16, 2019. (Doc. 32 at 2.) The ECF docket lists Gould's current location at Jesup FCI. Thus, it is presumed that Gould timely received the properly mailed January 14, 2019 order. *See Hagner v. United States*, 285 U.S. 427, 430 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed.").

For the first time at the hearing, though, Gould asserted that he did not ultimately receive the "packet" from the district court until March 29, 2019. When confronted that in his prior pleading he claimed he received the Court's original January 14, 2019 order on March 10, 2019, Gould contended that, when he drafted

his response, he did not have the "packet" in front of him so he did not know the actual date. (Doc. 33.) Yet, the March 29, 2019, date claimed by Gould does not make any sense. In his prior pleading, Gould claims that it was because he received the Court's order on March 10, 2019, (which he quotes) that he decided to file a "notice of inquiry." (Doc. 33.) The envelope that Gould used to mail his "notice of inquiry" has a postmark of March 14, 2019, and the notice itself was received by the Court on March 18, 2019. (Docs. 26 & 26-1.) Gould mailed his notice of appeal on March 25, 2019. (Doc. 27 at 2.) Because Gould disavowed that he received notice of the Court's order on March 10, 2109, and his claimed March 29, 2019 date does not make sense given the record, Gould cannot adequately state when he received the Court's order and fails to meet his burden showing untimely-receipt. *See McDaniel v. Moore*, 292 F.3d 1304, 1307 (11th Cir. 2002) ("The burden of proving non-receipt (or in this case, delayed receipt) of notice is on the party seeking to reopen the time for appeal under Rule 4(a)(6).").

Even presuming that Gould met his burden proving untimely receipt, though, his admission at the hearing that he intended to file the motion to compel a Rule 35 motion in the criminal case, rather than the civil case, forecloses relief under Federal Rule of Appellate Procedure 4(a)(6). It would be prejudicial to the Government to require it to litigate an appeal in a civil case—already voluntarily dismissed by Gould—where the motion at issue could only have been brought in a criminal case and where Gould admits he intended it to be filed in the criminal case (which it also was). *See* Fed. R. App. P. 4(a)(6)(C) (stating court may reopen time to file appeal only if, among other things, no party would be prejudiced); *See United Petrola v. United*

*States*, 422 F. App'x 773, 776 (11th Cir. 2011) (explaining all three prongs of Fed. R. App. P. 4(a)(6)(A)-(C) must be met before district court is authorized to reopen time to file notice of appeal).

Additionally, for the reasons stated in the Government's original response, the Court may also exercise its discretion to deny reopening the time to file a notice of appeal. *See Watkins v. Plantation Police Dep't*, 733 F. App'x 991, 993 (11th Cir. 2018) ("Even if all three prongs are met, however, a district court may, in its discretion, deny a motion to reopen."); *see also Woods v. Att'y Gen. of Md.*, 523 F. App'x 241, 242 (4th Cir. 2013) ("[T]he rule is permissive and allows a district court to deny a motion to reopen even if the movant meets the rule's three requirements."); *Arai v. Am. Bryce Ranches, Inc.*, 316 F.3d 1066, 1069 (9th Cir. 2003) ("[W]e now hold that the district court has the discretion to deny a Rule 4(a)(6) motion even when the rule's requirements are met."); *In re Jones*, 970 F.2d 36, 39 (5th Cir. 1992) ("Rule 4(a)(6) allows the district court to grant relief if the specified requirements are satisfied, but the rule does not require the district court to grant the relief, even if the requirements are met."). This is because Rule 4(a)(6) applies only to civil cases, Rule 35 motions are only appropriate in criminal cases, and Gould acknowledges he meant to file his motion to compel in the criminal case. *See United States v. Castma*, 270 F. App'x 752, 753 (11th Cir. 2008) (explaining Rule 4(a)(6) applies to civil cases); *see also See United States v. Guiterrez*, 556 F.2d 1217, 1217 (5th Cir. 1977) ("A rule 35 motion is a proceeding in the original criminal prosecution."); *see also United States v. Moreno*, 364 F.3d 1232, 1235 (11th Cir. 2004) (explaining that "the filing for a Rule 35(b)(2)

motion is a separate 'proceeding in a criminal case'"); *United States v. Castra*, 152 F. App'x 777, 781 n.5 (11th Cir. 2005) ("It is noted that § 3582(c) motions are continuations of criminal proceedings and not post-conviction civil actions." (citing *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003)))

For the above reasons, this Court should, under Federal Rule of Appellate Procedure 4(a)(6) and in its discretion, deny reopening the time to file notice of appeal in Gould's § 2255 proceeding.

Respectfully submitted,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

***//s// Justin G. Davids***
Justin G. Davids
Assistant United States Attorney
Missouri Bar No. 57661
justin.davids@usdoj.gov

P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422

4

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") that was generated as a result of electronic filing in this Court. Additionally, a copy has been mailed to:

David J. Gould, 21427-021
FCI Jesup
Federal Correctional Institution
Federal Satellite Low
2680 301 South
Jesup, Georgia 31599

This October 8, 2019

    Respectfully submitted,

    BOBBY L. CHRISTINE
    UNITED STATES ATTORNEY

    ***//s// Justin G. Davids***
    Justin G. Davids
    Assistant United States Attorney
    Missouri Bar No. 57661
    justin.davids@usdoj.gov

Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422