IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DAVID GOULD, <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CIVIL ACTION NO.: 2:18-cv-46 |

FILED
Scott L. Poff, Clerk
United States District Court

By mgarcia at 1:32 pm, Nov 13, 2019

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on limited remand from the Eleventh Circuit Court of Appeals and David Gould's Motion to Clarify. Docs. 30, 36. The Court held a hearing on these matters on September 30, 2019. Based on the record and representations made before the Court, I **RECOMMEND** the Court find Gould is entitled to the re-opening of the appeals period and return this case to the Eleventh Circuit. I also **RECOMMEND** the Court **GRANT** Gould's Motion to Clarify. I further **RECOMMEND** the Court **VACATE** the portion of its January 14, 2019 Order in Gould's criminal case, Crim. Doc. 77, denying as moot Gould's motion to compel and consider Gould's motion to compel within the context of his criminal proceedings.

### BACKGROUND

Movant David Gould ("Gould") entered a guilty plea to two counts of illegal possession of a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2); two counts of distribution of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); and carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Crim. Doc. 48.

The Honorable Lisa Godbey Wood sentenced Gould to 180 months' imprisonment on January 30, 2017.  Crim. Docs. 47, 48.  Final judgment was entered on January 31, 2017.  Crim. Doc. 48.

Gould subsequently filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  Doc. 1.  The Government responded that Gould's motion was untimely and, alternatively, without merit.  Doc. 3.  Gould then filed a motion to voluntarily dismiss his § 2255 motion and supplements, as he learned § 2255 is not the "proper vehicle to remedy [his] issues[.]"  Doc. 17 at 1.  After filing his voluntary dismissal motion, Gould filed a motion to compel, by which he sought an order from this Court compelling the Government to file a Rule 35 motion on his behalf based on Gould's "substantial assistance" with other prosecutions.  Doc. 20 at 1.

By Order dated January 14, 2019, the Court granted Gould's motion and dismissed without prejudice his § 2255 motion.  Doc. 24 at 3–4.  Because the Court granted Gould's motion to voluntarily dismiss his § 2255 motion, the Court denied as moot any then-pending motions in his § 2255 proceedings, including his motion to compel.  Id. at 1, 6.  The Court also denied Defendant's alternative request to construe his § 2255 motion as being brought under 18 U.S.C. § 3582(c)(2).  Id. at 4–5.  The Court entered judgment in this § 2255 proceeding on January 16, 2019.  Doc. 25.  On March 18, 2019, Gould filed a "Notice of Inquiry," asking about the status of "Docket #20, Motion to Compel[.]"  Doc. 26.  In response, the Clerk's Office mailed Gould another copy of this Court's January 14, 2019 Order.  Gould filed a notice of appeal to the Eleventh Circuit Court of Appeals on March 28, 2019, just 10 days after he filed his notice of inquiry.  Doc. 27.

The Eleventh Circuit has remanded Gould's appeal to this Court "for the limited purpose of determining whether [he] is entitled to a reopening of the appeal period under [Federal Rule of

Appellate Procedure] 4(a)(6)." Doc. 30 at 1–2. The Eleventh Circuit construed Gould's "untimely notice of appeal as a motion to reopen the appeal period" of Rule 4(a)(6). Id. at 2. This Court ordered Gould and the Government to submit any evidence and argument they wished the Court to consider regarding whether Gould is entitled to a reopening of the appeal period in this case. Doc. 32. The parties submitted briefs for the Court's consideration. Docs. 33, 34, 35. Gould also filed a Motion to Clarify. Doc. 36. The Court conducted a hearing on this matter on September 30, 2019. Doc. 39.

Important to the issues before the Court, when a defendant is convicted and sentenced in this Court and that defendant later files a post-conviction, collateral motion in his criminal case under § 2255, this Court's practice is to open a civil case. Thus, the pleadings in a defendant's § 2255 are also filed in the civil action number, or are "double docketed." Because of this practice, Gould's motion to compel was docketed in both his criminal and civil cases. However, given Gould's clarification during the hearing, his motion to compel should have been filed only in his criminal case. Doc. 20. While Gould provided both the criminal and civil action numbers for both of his cases on his motion to compel, a review of this pleading reveals Gould is seeking post-conviction relief in his criminal case based on the Federal Rules of Criminal Procedure. Id.

## DISCUSSION

At the hearing, Gould clarified several matters. Gould stated he realizes Judge Wood entered an Order on January 14, 2019 granting his motion to voluntarily dismiss his § 2255 and supplements, denying Gould's alternative motion to construe his § 2255 as a § 3585(c)(2) motion, and denying as moot all other pending motions, but he did not receive a copy of this Order within the time to appeal that Order. Gould also stated he did receive a copy of the judgment closing his case, though he did not indicate when he received that. Gould noted he

sent a notice of inquiry in February 2019, but this notice did not reach the Clerk's Office.  Gould sent another inquiry in March 2019, which was filed on March 18, 2019, doc. 26, and staff noted a copy of the Court's January 14, 2019 Order was sent to Gould this same day.  Gould then filed a notice of appeal on March 28, 2019.  Doc. 27.  The Clerk of Court sent a packet to the Court of Appeals, including a copy of the docket sheet, and to Gould.  Doc. 28; Dkt. Entry dated Mar. 29, 2019.  Gould also stated at the hearing that he is only seeking a determination on his motion to compel, not his § 2255 motion or the denial of his motion to recharacterize as a § 3582 motion.  Finally, Gould stated he intended to file his motion to compel in his criminal case, not his civil case.[1]

       The Government represented there was no record of Plaintiff receiving any mailings from this Court from January through March 2019.  The Government explained that mail is only logged in the prison's log book when it bears "legal mail" on it.  While the Government noted Gould probably received the Court's January 14, 2019 Order not long after it was entered, it could not be sure when that would have been.  In response, Gould noted there is no distinction at the prison between regular and legal mail and that mail gets lost "all of the time."

       Rule 4(a)(6) of the Federal Rules of Appellate Procedure allows for the reopening of the time to file an appeal for 14 days if: the moving party did not receive notice of the order sought to be appealed within 21 days of entry; the motion to reopen is filed within 180 days after the order's entry or within 14 days after the moving party received notification of the entry, whichever is earlier; and no party will be prejudiced.

---

[1] When asked, Gould initially said he intended to file his motion to compel in the civil case but later clarified he misspoke and intended to file his motion to compel in his criminal case.  Indeed, Gould's motion is based on the Federal Rules of Criminal Procedure and should not have been docketed in his civil case.

Here, the evidence before the Court reveals that Gould did not receive a copy of this Court's Order denying as moot his motion to compel until March 18, 2019 at the earliest, and he filed a notice of appeal—which the Eleventh Circuit construes as a motion to reopen—only 10 days later. Thus, Gould satisfies Rules 4(a)(6)(A) and (B). As for the final consideration, no party will be prejudiced if the Court were to re-open this period for appeal. Fed. R. App. P. 4(a)(6)(C). Thus, Gould has met the requirements of Rule 4(a)(6). This Court should return this matter to the Eleventh Circuit, and Gould should be permitted to re-open his period for appeal in the civil case.

Although Gould should be permitted to re-open the period for appeal in his civil case, that is not likely to address Gould's primary concern—his motion to compel. As noted above, Gould's motion to compel was filed in both his criminal and civil cases based on this Court's "double docketing" practice. Once Gould voluntarily dismissed his § 2255 motion (and, thus, his civil case), Gould's motion to compel in the civil case was moot. However, Gould's motion to compel was not moot in his criminal case and should not have been dismissed in that action. Accordingly, I also **RECOMMEND** the Court **VACATE** the portion of its January 14, 2019 Order in Gould's criminal case, Crim. Doc. 77, denying as moot Gould's motion to compel and consider Gould's motion to compel within the context of his criminal proceedings.

## CONCLUSION

I **RECOMMEND** the Court find Gould is entitled to the re-opening of the appeals period and return this case to the Eleventh Circuit. I also **RECOMMEND** the Court **GRANT** Gould's Motion to Clarify. I further **RECOMMEND** the Court **VACATE** the portion of its January 14, 2019 Order in Gould's criminal case, Crim. Doc. 77, denying as moot Gould's motion to compel and consider Gould's motion to compel within the context of his criminal proceedings.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of November, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA