FILED
John E. Triplett, Acting Clerk
United States District Court
By CAsbell at 9:00 am, Jul 20, 2020

# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | CASE NO. 2:16-cr-014 |
| | * | |
| v. | * | |
| | * | |
| DAVID J. GOULD, | * | |
| | * | |
| Defendant, | * | |

## ORDER

Presently before the Court is David Gould's ("Gould") renewed motion for compassionate release, as supplemented, filed pursuant to 18 U.S.C. § 3582(c)(1)(a), as modified by the First Step Act of 2018. Dkt. Nos. 114, 118, 120, 121. For the reasons set forth below, Gould's motion is **DENIED**.

## BACKGROUND

In June 2016, under a written plea agreement, Gould pleaded guilty to possession of machineguns, distribution of marijuana, and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 922(o), 924(a)(2), (c)(1)(A)(i), and 21 U.S.C. §§ 841(a)(1), (b)(1)(D). Dkt. Nos. 36, 37. In January 2017, the Court sentenced Gould to a total term of 180 months' imprisonment. Dkt. No. 48. In May 2020, Gould moved the Court for compassionate release. Dkt. Nos. 109, 111. Finding that Gould

had failed to exhaust his administrative remedies, the Court dismissed Gould's motion for lack of jurisdiction. Dkt. No. 113. According to the BOP website, Gould is currently incarcerated at FCI Loretto located in Loretta, Pennsylvania, with a projected release date of January 23, 2029.

## LEGAL AUTHORITY

Gould has filed a renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018. That statute reads, in pertinent part:

> (c) Modification of an imposed term of imprisonment.—
> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; . . .

2

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

In application note 1 to the policy statement, § 1B1.13, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. See United States v. Wilkes, 464 F.3d 1240, 1245 (11th Cir. 2006) ("Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines." (internal quotation marks omitted)). The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

3

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

## DISCUSSION

### I. Exhaustion of Administrative Remedies

Before a prisoner can file a motion under § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A).

The Warden's denial letter, dated May 29, 2020, provides, in pertinent part:

> This is in response to your Request for Compassionate Release/Reduction in Sentence Consideration dated May 15, 2020. You request a Compassionate Release based on "Debilitated Medical Condition."
>
> A thorough review of your request was completed utilizing Program Statement 5050.50, <u>Compassionate Release/Reduction in sentence</u>. The Medical Review/Summary prepared in your case indicates you have not been diagnosed with an incurable, progressive illness and have not suffered from a debilitating injury from which you will not recover. You are not completely disabled and are able to perform activities of daily living. Additionally, you are not confined to a bed or chair more than 50% of waking hours. You do not have a diagnosis of a cognitive deficit which affects your mental capacity or function. Based on this information,

AO 72A
(Rev. 8/82)

>you are not eligible for Compassionate Release due to a Debilitated Medical Condition.
>
>The BOP is taking extraordinary measures to contain the spready of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting COVID-19 does not currently warrant an early release from your sentence.

Dkt. No. 120-1. The Warden then instructed Gould to file a motion with the Court if he was dissatisfied with the Warden's response. Id.

The Court does not have a copy of Gould's reduction-in-sentence request to the Warden, so the Court is unable to determine what information, other than a "debilitated medical condition," Gould cited therein. It appears from the Warden's denial letter, however, that Gould has exhausted his administrative remedies as to his request for compassionate release based upon his medical condition. Id.

## II. Compassionate Release Based Upon Medical Condition

Gould's motion before the Court is largely based on the COVID-19 pandemic and Gould's concern for his health. Gould cites the general proposition that residents of prisons, along with nursing homes, are most at risk for contracting the virus. Dkt. No. 114 at 12; Dkt. No. 118 at 3. While it is unclear to the Court whether there are any COVID-19 cases in FCI Loretto where Gould is

6

incarcerated,[1] it appears form Gould's motion that, at least at the time he wrote them, there were none. See also Dkt. No. 114 (Gould acknowledging there were "no COVID19 cases at Loretto"); Dkt. No. 118 (Gould acknowledging there were "no known cases" at Loretto).

In addition to COVID-19, Gould asserts his seizure condition as a basis for compassionate release. While Gould attaches no medical records to his motion, he avers that he has suffered from seizures "most of his life" and takes medication for same. Dkt. No. 114 at 12. Gould does not assert, however, that his seizure condition is uncontrolled or that it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." Policy Statement, Application Note 1, § 1B1.13. Gould argues that the Court may grant a prisoner compassionate release in the absence of health conditions and cites instances of same. Dkt. No. 114 at 4; Dkt. No. 118 at 6 (discussing Paul Manafort's release from FCI Loretto). Gould is correct in his assertion, because there are bases for compassionate release other than medical conditions. Policy Statement, Application Note 1, § 1B1.13. Here, however, Gould's request to the Warden cited his debilitating medical condition as the basis for his request for compassionate release; as such, that

---

[1] The BOP's website, BOP.gov/coronavirus, lists the number of positive COVID-19 cases among inmates and staff in each BOP facility. As of July 17, 2002, there is no entry for FCI Loretto.

7

is the basis the Court must analyze. United States v. Valenta, No. CR 15-161, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020) ("To properly exhaust administrative remedies, therefore, the administrative complaint must raise the same claims asserted in the federal court filing." (citing Gadra-Lord v. Doe, 736 F. App'x 30, 32 (3d Cir. 2018))). The Court finds Gould has not shown his medical condition meets the "extraordinary and compelling" standard in order to warrant his compassionate release. As such, Gould's motion is **DENIED**.

## CONCLUSION

Gould's motion, as supplemented, Dkt. Nos. 114, 118, 120, 121, is **DENIED**.

**SO ORDERED**, this 20 day of July, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)